UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

SONJA LETISHA DAVIS                           Case No. 07-45769
                                              Chapter 13
                                              Hon. Walter Shapero
                    Debtor.
_____/

## OPINION GRANTING TRUSTEE'S OBJECTION TO PROVISION OF CONFIRMED CHAPTER 13 PLAN

This case initially came before the Court on the Trustee's supplemental objection to confirmation of the Debtor's third amended plan, filed on July 29, 2007. In particular, the Trustee objected to a provision of the plan which treats Ford Motor Credit Company's ("Ford's") claim as a class one administrative expense as to amounts due and owing as a result of a post-confirmation possible future termination and/or default under a vehicle lease. The Court conducted a hearing and the plan was confirmed, but by agreement the issue of the indicated plan provision was reserved for Court determination. For the reasons stated below, the Court grants the Trustee's objection to the plan provision in question.

### I. Facts

Debtor filed this chapter 13 case on March 26, 2007. Ford is the lessor of a 2006 Ford Explorer to Debtor. Debtor filed a third amended chapter 13 plan on July 29, 2007, listing Ford's claim under subpart (a) of class three as a continuing post-petition obligation under an executory contract and/or unexpired lease, stating that she intended to assume the vehicle and pay the lease payments outside the plan directly to Ford. In narrative form under class 3(a) of the plan, and in

-1-

paragraph II(A) of the plan's general provisions, the plan states:

> Debtor to assume lease with Ford Motor Credit of $498.33 per month on the 2006 Ford Explorer and pay outside the plan as she is current and up to date. The automatic stay shall be vacated as it applies to Ford on 4.24.2009, the lease termination date. Any amounts due and owing upon lease termination and/or default of Ford as specified in the lease shall be paid as a class one administrative claim.

Similar language was contained in the proposed order confirming plan. No specific mention of Ford's claim was made as such under class one of the proposed model plan, that class of claims being the one covering administrative expenses, but the quoted plan provision language has that effect. It was agreed that resolution of this issue should not hold up confirmation, but the issue as to the provision in question would be preserved.

## II. Discussion

The general issue of whether a vehicle lessor is entitled to an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) for post-filing amounts due upon termination and/or breach of a vehicle lease agreement assumed by the debtor, but paid outside of the plan, is not new to this district. Five bankruptcy judges from this district have addressed this issue in one form or another with varying results. *Compare In re Enderle*, 352 B.R. 444 (Bankr. E.D. Mich. 2006) (Rhodes, Chief J.) (damages resulting from breach of an assumed vehicle lease were recoverable as an administrative expense of the estate), *and In re Devericks*, No. 05-24122, bench op. (Bankr. E.D. Mich. Jan. 1, 2007) (Opperman, J.) (administrative expense claim on behalf of Ford Motor Credit Company granted), *with In re White*, 370 B.R. 713 (Bankr. E.D. Mich. 2007) (Tucker, J.) (motor vehicle lessor's motion for an administrative expense claim denied due to res judicata effect of confirmed plan provision), *In re Benn,* No. 05-50810, bench op. (Bankr. E.D. Mich. July 13, 2006) (McIvor, J.)

(Ford Motor Credit's motion for administrative expense denied), *aff'd*, *Ford Motor Credit Co. v. Bankruptcy Estates of Benn*, 362 B.R. 1 (E.D. Mich. 2007), *and In re Hackman*, No. 05-78798, bench op. (Bankr. E.D. Mich. April 24, 2007) (Shefferly, J.) (Ford Motor Credit Company's motion for an administrative priority claim denied), *appeal docketed*, No. 07-cv-12223 (E.D. Mich. May 22, 2007). In each of the above cited cases the creditor filed a post-confirmation motion for administrative expense claim upon termination or default in an assumed vehicle lease agreement and each confirmed plan classified the vehicle lessor's claim as a class 3(a) claim in its entirety to be paid outside the plan. The instant case, somewhat differently however, comes to the Court prior to any lease termination or default by way of an objection to a proposed plan provision and language which specifically purports to re-classify, automatically and without any further proceeding or inquiry, Ford's class 3(a) claim into a class one administrative expense claim at and as of the moment of any post-confirmation lease termination and/or default of the Debtor.

The Court has concluded that it need not take a position in this case on the issue as variously dealt with by my colleagues and as presented in the above cited cases, at least at this time. This case can be disposed of on other grounds. Put simply, those grounds are that the disputed plan provision runs afoul of a provision of the Code dealing with the allowance of administrative expenses.

Claims for administrative expense are specifically authorized and provided for under 11 U.S.C. § 503, which provides in relevant part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including -
>     (1)(A) the actual, necessary costs and expenses of preserving the estate . . . .

The Court views this provision as one meant to apply to all chapters and sets forth the exclusive

method by which a claim sought to be afforded administrative expense status can be determined and disposed of. That such is and should be the result is underscored by the context of this case where (1) the amount and extent of the claim is not and cannot be known at this time, and (2) the classification and payment of the claim as an administrative expense, depending at what point in the administration of the case the claim actually arises, carries with it the potential of reducing or eliminating any further payouts to the unsecured creditors. It does so in a situation where the plan otherwise provides that the basic assumed debt is to be paid outside the plan. The legal position of the lessor, by reason of such and the assumption, would be that in any event its debt will not be discharged (as opposed to those debts covered by the plan, which will be). It should be noted that the foregoing rationale is presented to merely reinforce the Court's conclusion that the proposed plan provision is inappropriate because its effect is to supercede or render ineffective a clear and preeminent provision of the Code. It does not necessarily presage how the Court might rule if in fact there actually later occurs a post-confirmation default under the assumed obligation and the lessor files a request for payment of the amounts involved as an administrative claim pursuant to which the appropriate parties will be given the opportunity to object, with the matter to be decided on its then facts and merits under the standards articulated in § 503. The lessor will be free to make such a request, but it will not, and cannot, have the advantage of a plan provision which, before the existence of any such claim, in effect and likely by operation of res judicata principles precludes any inquiry or objection to the allowance of that claim as an administrative expense, no matter what its nature or amount and without regard to the statutory standards applicable to such claims or other relevant considerations. Going to the chapter 13 plan content itself and what is permitted to be in a plan, § 1322(b) enumerates at some length what provisions a debtor may include in a plan. Nowhere does

-4-

it there affirmatively and specifically permit the provision at issue here, or at least permit or provide for classification of a claim as an administrative expense. Section 1322(b)(11) does allow for inclusion of "any other appropriate provision," but, it then says "not inconsistent with this title." The proposed provision at issue here is inconsistent with § 503.

Accordingly, the chapter 13 Trustee's objection to the disputed provision is granted, and the parties shall prepare and present an appropriate order reflecting this conclusion and as is otherwise consistent with the provision of the confirmation order applicable thereto.

`Signed on January 23, 2008`

```
                              /s/ Walter Shapero
                         Walter Shapero
                         United States Bankruptcy Judge
```